### McGOWN v. WILKINS.

In mortgage and partition sales in Chancery, if the premises are not sold at the risk of the purchaser, he will not be compelled to complete the purchase, in case the premises should be incumbered, or no title should pass by the sale, or there should be difficulty in obtaining possession.

THE complainant applied for an order that Thomas Brass. June 25th.

1828.

McGown
v.
Wilkins.

a purchaser of the premises in petition, be compelled to complete his purchase. Brass resisted the application, on the ground \*that a third person was in possession at the time of the sale, claiming to hold adversely to the title of the complainants; and that the person so in possession is wholly insolvent, and refuses to give up the possession. The purchaser bid the full value of the premises; none of the parties at the sale supposing the person in possession claimed to hold adversely, or that he intended to retain possession.

*James Smith,* for petitioner.

*J. Wallis,* for purchaser.

THE CHANCELLOR:—The title to the premises is undoubtedly sufficient, and the only question in this case is, whether the purchaser is bound to complete the purchase, and be at the expense of an ejectment suit against a person who can neither pay the costs or mesne profits, to obtain possession of the premises for which he has paid the full value. This is not like the case of a sale by the sheriff on execution. There the court never gives possession to the purchaser, even as against the party to the suit. In mortgage and partition cases, the proceeding is directly against the land; and this court will compel the delivery of the possession to the purchaser, as against the parties in the suit, and those who have come into possession under them pending the litigation. For the purpose of obtaining a fair price for the premises on such sales, it is important that purchasers should know, that if they pay a fair price for the property, and it is sold without reserve, they will be protected by the court, and will not be compelled to take an incumbered or worthless title. If there is any cloud upon the title, or incumbrance upon the land, or difficulty in obtaining possession, the property should be sold at the risk of the purchaser in that respect; and in

the amount bid, there would then be a reasonable allowance for such risk. In this case, I think the purchaser should not be compelled to take the title, unless the parties, for whose benefit the property was sold, can give him the peaceable possession of the premises. If that cannot be done, the property must be put up again, and sold at the risk of the *purchaser, unless the parties interested in the amount bid at the first sale consent that the expenses of obtaining possession, and the value of the mesne profits from the time of the completion of the purchase until possession is delivered to the purchaser, be paid out of the purchase-money.