LORTON and others *vs.* SEAMAN and others.

Where a motion, made by a defendant, to open an order taking the bill as confessed and to allow the defendant to put in an answer, was granted, but a mistake was made in the entry of the order, in not making the payment of the costs a condition of opening the order, and the defendant put in an answer without paying the costs and the complainant replied to the same : *Held*, that the mistake in the entry of the order was waived by the filing of the replication to the answer, and that the only remedy of the complainant, to obtain satisfaction of his costs, was to proceed against the defendant as for a contempt for the non-payment thereof.

To entitle a party to a precept to commit the adverse party to prison for not paying interlocutory costs, directed to be paid by an order of the court, a personal demand of the costs must be made. And a demand of the costs from the solicitor of the party is not sufficient.

THIS was an application to compel the payment of the July 19. costs of an interlocutory motion allowing the defendants

S. Seaman and H. Seaman to put in an answer to the complainants' bill, and directing them to pay the costs of entering the order to take the bill as confessed and of opposing their application. By a mistake of the register, or the inadvertence of the court, the order, instead of making the payment of the costs a condition of the opening of the default, authorized the defendants to put in an answer, and merely ordered them to pay the costs of opening the default, &c. The costs were duly taxed and a demand thereof was made from the defendants' solicitor; but the defendants put in their answer and neglected to pay the costs.

*A. Thompson*, for the complainants.

*H. F. Clark*, for the defendants.

The Chancellor. The mistake in the entry of the order, if there was one, was waived by the filing of the replication to the answer. And the only remedy that now remains to the complainants, to obtain the payment of their costs, is by proceeding against the defendants as for a contempt, for the non-payment. The question then arises whether a demand of the costs made upon the solicitor in the cause is sufficient. In a certain class of cases a personal service is not necessary to bring a party into contempt for disobeying an order of the court. (*Merritt* v. *Annan*, 7 *Paige's Rep.* 151.) But in relation to orders for the payment of interlocutory costs, or other sums of money, the legislature has substituted a new mode of proceeding, which is not applicable to other cases of contempt. The section of the revised statutes in relation to that subject, directs the issuing of a precept to commit the party to prison, at once, upon proof by affidavit of the *personal* demand of the costs, or other sum mentioned in the order, and of the refusal to pay the same. (2 *R. S.* 535, § 4.) Under this provision a demand of the party himself, and not merely from his solicitor, must have been intended

by the legislature.   The complainants are not, upon these
papers, entitled to a precept to commit the defendants to
prison ; but must make a personal demand of the costs of
them instead of their solicitor.

The motion must, therefore, be denied.   But as this is
a new question, arising under this statutory provision, I
shall not charge the complainants with the costs of oppos-
ing the application.