# SUPREME COURT.

CORNELIUS ECKERSON, Respondent, agt. DAVID SPOOR et al., Appellants.

Where an appeal is dismissed with "costs on the appeal and costs of motion," the respondent is not at liberty to issue a *fieri facias* to collect such costs until their amount has been liquidated by or under the direction of the court.

Nor can a *fieri facias* be regularly issued in such case, till steps have been taken to bring the party into contempt.

Where an appeal from a county court was placed on the general term calendar of this court, on the notice of the appellant and not reached, and when reached at a subsequent term the court refused to hear it, "on the ground that an appeal did not lie from such a decision, and subsequently dismissed the appeal with costs on the appeal and costs of motion," it was held on adjusting the amount of costs, that the appellant could not object to the term fee of $10, for the term at which the cause was not reached.

Held, also, that the term fee could not be charged for the term when the court refused to hear it, the cause having been reached and not postponed.

*Schoharie Special Term, June,* 1850.—This was an appeal from the County Court of Schoharie. The cause was noticed and put on the calendar by both parties, at the general terms of this court, held in September and November, 1849, but not reached. It was again noticed by both parties and placed on the calendar at the last February general term. When reached, it appeared that the appeal was from a decision of the county judge, reversing a judgment of a justice of the peace, and ordering a new trial; and the court refused to hear the appeal, holding that no appeal could lie from such a decision. Afterwards, at a special term, held on the last Tuesday of March, on a motion made to dismiss such appeal, it was "Ordered, that the appeal in this cause be dismissed with costs to the respondent on the appeal, and ten dollars costs of this motion."

In May following, the plaintiff issued an execution to collect $55 costs of such appeal and motion. The costs had not been adjusted by any taxation, nor had any demand of payment been made.

The defendants now moved to set aside an execution as irregular, or for some rule reducing or liquidating the amount.

The defendants also moved to set aside an execution issued in this court for the collection of $10, the amount of costs awarded by the county judge on the reversal of the justice's judgment. It appeared by the plaintiff's affidavits, that in filling up a blank printed for executions in

this court, the attorney had inadvertently neglected to strike out the title of this court and insert that of the county court.

J. H. RAMSAY, *for defendants.*

T. SMITH, *for plaintiff,* contended that under the code he was entitled, by the language of the rule, dismissing the appeal, to $15 costs of the appeal, and three term fees of $10 each, as well as $10 costs of the motion. That no taxation could be necessary, as there was now no taxing officer, the clerk only being authorized to adjust the costs when judgment was entered.

PARKER, Justice.—The plaintiff is clearly wrong in having proceeded to issue execution to collect a sum of money that has never been ascertained, either by the court or by one of its officers, and which the defendants have never been adjudged to pay. A party can in no case tax his own costs, and proceed to collect them by execution : nor can an execution be issued, in any case, unless the amount in dollars and cents has first been adjudged by the court. In case of final judgment, the judgment-roll is the foundation for the execution ; and in case of interlocutory costs, or costs ordered to be paid on motion, the amount should be ascertained and stated in the order of the court, and execution awarded, (*People* v. *Nevins,* 1 Hill, 158.)

The plaintiff's counsel claims to have acted under the act of 1847, (Session Laws of 1847, page 49.) That statute abolishes imprisonment for the " non-payment of interlocutory costs, or for contempt of court in not paying costs," and substitutes process in the nature of a *fieri facias* for the collection of such costs.

The costs awarded in this case cannot properly be called interlocutory costs ; " costs are either interlocutory or final ; the former arising on interlocutory matters in the course of the suit ; the latter depending on its final event," (Gr. Pr. 714.) Here the rule awarding costs of the appeal and of the motion, was the final determination of the appeal. The same view was taken by Justice WELLES, in *Buzard* v. *Gros,* (4 How. Pr. R. 23.)

If the plaintiff is entitled to a *fieri facias* by the act of 1847, it is under the other clause, viz : " for contempt of court, in not paying costs." But here no steps have been taken to bring the defendants into contempt ; there has been no liquidation nor taxation ; no service of the rule and bill of costs, and no demand of payment, nor any order of the court founded on proof of a refusal to comply with the previous order, (2 R. S. 3d ed., 624, § 4 ; *Lorton* v. *Seaman,* 9 Paige, 609.) The defendants are cer-

tainly not in contempt. The statute only substitutes a *fieri facias* for a precept in the nature of an attachment. It does not dispense with the preliminary steps.

In any view that can be taken, the issuing of the *fieri facias* was unauthorized and irregular, and it must be set aside.

There is certainly some embarrassment under our present practice in saying how costs in such cases are to be adjusted. No authority is conferred upon the clerk by the code, except in cases of final judgment (§ 311,) though I suppose the court may confer such authority on the clerk by providing specially in the order for a reference to him. I think, however, it is the better way in all cases, where costs are awarded on motion, to specify the amount in the order. This must necessarily be done with regard to the costs of the motion itself, (§ 315.) In this case, the amount " of costs on the appeal" could have been easily ascertained and inserted in the order, when counsel on both sides were present.

As it may save another application to this court, I proceed now to fix upon the amount of costs to which the plaintiff was entitled under the order.

The words " costs on the appeal," cover not only the item of $15, allowed on appeal before argument, but also ten dollars for every term at which the cause was necessarily on the calendar and not reached, or was postponed. (Code, § 307.)

These last items are, however, objected to on the ground that the cause was not *necessarily* on the calendar. The cause was noticed at each term by both parties, and the defendants ought not to object that the plaintiff's counsel should be paid for attending on their, the defendants', notice. The cause was regularly on the calendar, and I think the defendants are not in a situation to say it was *unnecessarily* there, when it was put there by themselves. But this fee of $10 is only chargeable when the cause is not reached, or is postponed. It is shown that the cause was not reached at the September and November terms; and for these, the charges may properly be made. But the cause was reached at the February term, and was not postponed. It was not to be heard at a future time. The court refused to hear it, and nothing further was ever done in regard to it at the general term. The language of the statute does not cover such a case, and the term fee is not, therefore, properly chargeable for the February term. The plaintiff was, therefore, entitled to but $45 for costs " on the appeal and costs of motion," and this liquidation may be included in the order entered on the decision of this motion.

The execution issued for $10 was also irregular, and must be set aside.

It is not sustained by any judgment or order of this court. No leave can be given here to amend it. The power to give that leave belongs to the county court which rendered the judgment, and from which it was intended to be issued.

The motion is therefore granted, with $10 costs, which sum may be deducted from the costs due to the respondent.