Abram Fryer, Respondent, *v.* Stephen Rockefeller et al.

A purchaser at a foreclosure sale, not put upon his guard by some prior notice, may insist upon a good title, and will not be required to pay the purchase money and accept a deed where there is any serious defect in the title, unless it is remedied; but where he purchased with knowledge of the defect, its existence will not justify him in refusing to complete the purchase.

*Fryer* v. *Rockefeller* (4 Hun, 800), as to the title a purchaser upon a foreclosure can require, not sustained.

A certificate of acknowledgment of a deed, made after the adoption of that portion of the Revised Statutes relating to proof and recording of deeds, which simply describes the persons acknowledging as "grantors of the within indenture," without stating that they were known to the officer to be the same persons who are described in and who executed it, as prescribed by said statute (1 R. S., 759, § 15), is insufficient to entitle the deed to be recorded.

*Hunt* v. *Johnson* (19 N. Y., 293) distinguished.

A deed thus acknowledged, however, if executed and witnessed as prescribed by the statute (1 R. S., 738, § 137), is effectual to pass the title of the grantors and to protect the title of the grantee, save as against a subsequent *bona fide* purchaser.

A conveyance by a grantor to a grantee, both out of possession, given to remedy a defect because of failure to express a consideration in a former deed executed by the grantor, and to fortify the title of the

possessor of the premises or that derived from him, is valid for that purpose and to estop the grantor from setting up the defect.

A title by foreclosure sale is not defective because of a failure to record an assignment of the mortgage. There is no legal need of a record or of a written assignment; a good assignment may be made by delivery only.

(Argued November 16, 1875; decided November 30, 1875.)

APPEAL from order of General Term of the Supreme Court in the third judicial department, affirming an order directing Isaac B. Findull, a purchaser, to complete his purchase. (Reported below, 4 Hun, 800.)

This was an action for the foreclosure of a mortgage. Judgment of foreclosure and sale was perfected. The premises were sold upon the following terms and conditions: " Said premises are to be sold subject to a prior mortgage of $1,000, with interest thereon, and the purchase-price to be paid as follows: ten per cent thereof down, $2,000 thereof to be secured by bond and mortgage on said premises, executed by the purchaser, payable with interest on April 1, 1876, and the balance of said purchase-price to be paid in cash on the 15th day of April, 1874, at which time said bond and mortgage and referee's deed are to be executed and delivered at the office of L'Amoreaux & Dake, in Ballston Spa, N. Y."

Said Findull became the purchaser for $5,200. He paid the ten per cent required. At the time agreed upon the parties met, and the referee tendered a deed, but Findull refused to complete the purchase, alleging that the title was defective in the following particulars:

1st. That a deed from the widow and heirs at law of one James Casey forming part of the mortgagor's chain of title was not properly acknowledged, in that the certificate of acknowledgment of three of the grantors did not state that the officer making the same (the mayor of Philadelphia) knew the persons acknowledging to be the persons described in and who executed the deed, the certificate simply stating that they were " grantors of the within indenture."

2d. That a deed from Daniel J. Gilbert and wife to Aaron

Ramsdell forming part of a chain of title was void, because it does not express a consideration.

3d. That a deed upon a prior foreclosure sale upon a mortgage executed by Sarah Ramsdell to Elvira E. Carver, forming a link in the chain of title was invalid, as the action was brought by an alleged assignee of the mortgage and no assignment of the mortgage was on record.

At the time of this refusal Findull agreed that the referee might take such time as he thought reasonable for the purpose of curing such alleged defects. Subsequently two deeds of the premises expressing a consideration, one from said Daniel L. Gilbert and wife to William F. Beutler, and one from Beutler to Findull were executed and tendered to Findull; also an instrument, under seal, was tendered executed by Elvira E. Carver, the said mortgagee, which, after setting forth the execution of the mortgage, the due assignment thereof to the plaintiff in the foreclosure suit, the fact that the assignment was never recorded but appears to have been lost, released all her claim to or by virtue of said mortgage, stating that the object of the release was to correct the defective record and to remove any claim she might have by reason thereof.

In an affidavit of plaintiff's attorney forming part of the moving papers, it was stated that prior to the sale a conversation was had with and in the presence and hearing of the agent who made the purchase for Findull in reference to the alleged defects in the title, a portion of which, *i. e.*, as to the defect in the foreclosure, was detailed, and then followed the statement that such remarks were made that " deponent believes the said attorney, or agent for said Findull, was fully advised and informed of all the alleged defects in such foreclosure proceedings and the several alleged defects in and to the title to said real estate when he became the purchaser thereof for said Findull, and that the said premises were purchased by said Egbert for said Findull with full knowledge thereof, as this deponent verily believes."

Further facts appear in the opinion.

*Isaac L. Egbert* for the appellant. The purchaser was entitled to a good title. (*Burwell* v. *Jackson*, 9 N. Y., 535; *McGown* v. *Wilkins*, 1 Paige, 120; *Seamon* v. *Hicks*, 8 id., 655; *Morris* v. *Morvatt*, 2 id., 586; 1 Sug. on Vendors, 339, 502–512 [8th Am. ed.] 577; 22 Wend., 509; *Costar* v. *Clark*, 3 Edw., 428; *McDermott* v. *McDermott*, 3 Abb. [N. S.], 451; 14 Abb., 258; 45 N. Y., 234.) The purchaser could not be charged with such notice of any defects of title, assuming he had knowledge of them, as would relieve the referee from the obligation to convey a good title. (2 Barb. Ch., 529.) The rule *caveat emptor* applies after the completion of the sale by payment of the money and delivery of the deed, not before. (Romer on Judicial Sales, § 155.) The certificate of acknowledgment of the deed to Eddy was fatally defective. (1 R. L., 369, §§ 1, 2; 3 R. S. [5th ed.], 53, 54, §§ 33–39; *Miller* v. *Link*, 2 T. & C., 86; *Hunt* v. *Johnson*, 19 N. Y., 280; *Hartley* v. *James*, 50 id., 38; *McDermott* v. *McDermott*, 3 Abb. [N. S.], 451.) The purchaser was not bound to tender performance. (*Franchot* v. *Leach*, 5 Cow., 506; *Lawrence* v. *Taylor*, 5 Hill, 107; *Foote* v. *West*, 1 Den., 544; *Hartley* v. *James*, 50 N. Y., 38.)

*J. S. L'Amoreaux* for the respondents. The objection that the deed to Eddy was not properly executed is not valid as a reason for not taking the deed. (Hubbell's Legal Directory, 239; 3 R. S. [5th ed.], 46; Code, § 82; *Hunt* v. *Johnson*, 19 N. Y., 293; 50 id., 41; *Cahill* v. *Palmer*, 45 id., 478; *Robie* v. *Sedwick*, 35 Barb., 328, 329; *Kent* v. *Harcourt*, 33 id., 497; *Livingston* v. *Peru Iron Co.*, 9 Wend., 516; *Wood* v. *Chapin*, 13 N. Y., 514; *Grady* v. *Ward*, 20 Barb., 543; *Smith* v. *Teller*, 9 J. R., 174, 179, note; *Humbert* v. *Trinity Church*, 24 Wend., 601; *Hoyt* v. *Dillon*, 19 Barb., 651; *Munro* v. *Merchant*, 26 id., 401, 402.) The objection that the deed to Gilbert expressed no consideration, was not well taken. (*Frink* v. *Green*, 5 Barb., 459; *Jackson* v. *Alexander*, 3 J. R., 491; *Dorr* v. *Munsell*, 13 id., 430; 4 Kent's Com., 464; *Livingston* v. *Tremper*, 4 J.

R., 416.) Defects in title known to a purchaser before sale cannot be urged by him after sale, as a valid reason for not completing the purchase. (*Graham* v. *Bleakie*, 2 Daly, 59 ; *Curtis* v. *Hitchcock*, 10 Paige, 408 ; *Case* v. *Redfield*, 4 Wend., 398 ; *Simonds* v. *Catlin*, 2 Cai., 62.)

FOLGER, J. A purchaser of lands at a judicial sale, unless he is put upon his guard by some prior notice, may insist on a good title; and will not be required to pay over the purchase money and take a deed, unless the serious defects shown by him, are remedied. (*McGown* v. *Wilkins*, 1 Paige, 120 ; *Spring* v. *Sandford*, 7 id., 550 ; *Jackson* v. *Edwards*, 22 Wend., 498–509, per BRONSON, J. ; *Merchants' Bk.* v. *Thompson*, 55 N. Y., 11.)

If it shall appear in this case, that the purchaser has suggested defects in the title which have not been obviated, and which would relieve a vendee in a private contract of sale, from a completion of it, we will feel disposed, as we shall be compelled, to excuse him from performance.

He puts forward three objections to the title offered to him by the referee.

First. He objects to the deed from James Casey and others to John Eddy, of the premises in question. His objection is confined to the certificate of the officer, before whom it is claimed that three of the grantors named in it made acknowledgment of execution of it by them. That officer does not certify that they were known to him to be the same persons who are described in and who executed it; he describes them as grantors of the within indenture, and no more. This certificate was made in May, 1831, after the adoption of that portion of the Revised Statutes relating to the proof and recording of deeds. It is plain that, they being the rule, this certificate is not sufficient to entitle this deed to record as the deed of those three grantors. No officer shall take the acknowledgment of the execution of a deed unless he shall know, or have satisfactory evidence, that the person making the acknowledgment is the individual described in

and who executed the conveyance. (1 R. S., 758, § 9.) He is required to put his certificate upon the deed, setting forth that he so knows, or has such evidence. (Id., 759, § 15.) It is only a deed so acknowledged, and so certified to have been acknowledged, that may be recorded. (Id., § 16.) The certificate in this instance is not in the form required by law, and the deed was not entitled to record as the deed of the three grantors.

The respondent claims that it was acknowledged before a proper officer; so it was; a proper officer attempted to make a certificate. The mayor of Philadelphia was, by an act in 1829, authorized to take acknowledgments of the execution of deeds for record in this State. (Laws of 1829, 348, chap. 222.) The respondent then claims that it was acknowledged according to the laws of Pennsylvania, and seems to insist that this entitled it to record in this State. Were it so, that an acknowledgment according to the laws of that State were enough, it does not appear in the case how the execution of deeds may be lawfully acknowledged in that State. The respondent also cites *Hunt* v. *Johnson* (19 N. Y., 293), and argues therefrom, that when an acknowledging officer certifies that a person made to him an acknowledgment of execution, there arises an implication that the officer knew the person. That decision was as to a deed acknowledged and certified to, long before the adoption of the Revised Statutes. The law which they have made demands a substantial compliance with its prescription, and leaves no room for so large an implication. (See *Northrop* v. *Wright*, 24 Wend., 221.) The respondent also argues that the deed was made in 1831, and was then delivered to Eddy, and that he took possession under it then, and continued that possession until it created a title by the length of the adverse possession. It was put upon the books of the clerk's office in 1833, and we may infer that there was a delivery of it to him as early as that year. (*Gilbert* v. *North Am. Fire Ins. Co.*, 23 Wend., 43; *Elsey* v. *Metcalf*, 1 Den., 323.) But the taking possession under it, and the continuing in such possession so long,

and in such manner as to constitute an adverse possession which would defend him and his grantees are facts; which we cannot infer, and of which there is no proof. This position of the respondent is not tenable.

But a deed may be good to pass the title of those who have executed it, though it may not be so acknowledged and certified as to be entitled to record. The recording acts are not so large in scope, as that a deed not recorded, or not entitled to record, is void and ineffectual. The benefit of the recording of a deed is, that it thus becomes a defence against a subsequent purchaser *bona fide*. (1 R. S., 756, § 1.) When a deed is subscribed and sealed by the grantor named in it, or his lawful agent, though it is not acknowledged, if the execution and delivery of it is attested by at least one witness, it is effectual to pass the title of the grantor to the grantee, and to protect that title in the grantee against every one but a subsequent *bona fide* purchaser. (1 R. S., 738, § 137.) The execution of this deed by these three grantors seems to have been attested by two witnesses, Eveline Hale and Caroline Hale. It was duly acknowledged by all the other grantors, and duly certified, and duly recorded as to them. There is no suggestion of any subsequent purchaser *bona fide* who may contest the title. The objection of the purchaser, limited as it is to the form of the certificate, admits the existence of the deed, and all that appears connected with it. Besides, there is enough about this deed, in the certificates of the acknowledging officers, and of the county clerk, to establish that it had existence at or near the time it bears date. (*Wilson* v. *Betts*, 4 Den., 201.) We have then a deed which was effectual to pass the title of these three grantors to Eddy, and which did pass it; and the title was good in Eddy.

Second. The purchaser objects that the deed from Gilbert to Ramsdell does not express a consideration, and that the grantor may avoid it therefor. But a consideration may be averred in pleading, and may be proved on the trial, though not expressed in the deed. (*Jackson* v. *Alexander*, 3 J. R.,

484; *Wilson* v. *Betts, supra.*) That a consideration passed
to Gilbert is amply shown; and the proof thereof is of record,
or in writing entitled to record, and so to be easily perpetu-
ated for the purchaser. The respondent has produced to the
purchaser, a deed of the premises from Gilbert to Beutler, and
one from Beutler to the purchaser. Each of them expresses
a consideration. Besides that, there is on record a mortgage
to Gilbert, from Ramsdell the grantee named in the defective
deed from Gilbert, which mortgage is upon the same premises,
is of the same date, and is recorded the same day with the
deed. All these things make it plain that there was a con-
sideration for the first deed from Gilbert. Moreover, the
deeds from Gilbert and Beutler, so far as they are concerned
as grantors, are not open to the objection that they are void,
because given by grantors out of possession to a grantee out
of possession, while the premises were held in hostility to the
title of the grantors. (1 R. S., 739, § 147; *Livingston* v.
*Proseus*, 2 Hill, 526.) It may be conceded that these deeds
would be void as conveyances upon which to found a title, or
a claim of possession, in hostility to the title of any one in
possession of the premises claiming adversely. They are not
void to fortify the title of the possessor of the premises, or
that derived from him; nor to estop Gilbert from setting up
that his former conveyance was without a consideration.
They are executed for the purpose of acknowledging that
there was a consideration therefor. (See *Graham* v. *Bleakie*,
2 Daly, 55.)

The purchaser now objects that these deeds were not ten-
dered to him at any time or place agreed upon for that pur-
pose, and that the tender of them was not accompanied with
a tender of the referee's deed. It does not appear that this
objection was ever before made. If it had been, it could have
been obviated, in part at least, by making again a joint ten-
der of the three deeds. It does not appear that any place
was fixed upon for the referee to show to the purchaser that
his objections to the title were removed; and as to the time,
it was agreed that the referee should take the time that he

thought reasonable, and there is no allegation that he has abused that privilege.

Third. The purchaser also objects that there is no record evidence of the assignment to Bowen, of the mortgage from Sarah Ramsdell to Carver, by a foreclosure of which and sale thereon, title was made to Gilbert. There could be no record, if the assignment was not in writing. But there is no legal need of a recording of the assignment, nor any for an assignment in writing. A good assignment of a mortgage is made by delivery only. (*Runyan* v. *Mersereau*, 11 J. R., 534.) That there was at least this, as to this mortgage, is made certain for the purposes of this matter, by the judgment of the Supreme Court in that foreclosure action. The complaint avers an assignment of the mortgage to Bowen, and is taken *pro confesso* by all of the defendants. And then follows the judgment of the court of a foreclosure of the mortgage, and a sale of the lands for the benefit of Bowen.

Besides that, Carver, the mortgagee, has executed an instrument in which is acknowledged an assignment of the mortgage to Bowen. When the purchaser, relying upon that instrument, completes his purchase, Carver will be estopped from denying that Bowen was the assignee. It does not appear that any one else is interested to deny that there was an assignment. The objection as to the time and place of the tender of this instrument is disposed of above. It thus appears that the title, as it is now ready for the purchaser, is free from reasonable doubt. Such a title he ought to be satisfied with.

There is another thing in the case which is an answer to the suggestions of these objections to the title. The purchaser had notice of the defect which he now sets up, before he made his bid. The affidavit of the respondent's attorney is, that he believes that the attorney for the purchaser was fully advised and informed, of all the several alleged defects in the title, before the sale. The attorney for the purchaser meets this averment, with a negative pregnant; he does not deny some notice; he does deny that he was fully informed. This is not a denial of notice, sufficient to have made him and

his client wary in bidding at this sale, if they looked for a title without defect; for, with that prior notice of these defects, they could not rely upon them as reasons for refusing the title offered by the referee. The ground of the decisions cited in the beginning hereof is, that it is for the interest of all concerned, that bidders may bid freely and to the full value of the premises, and that to do this they must feel assured that they may exact a good title. But if notice of defects is given at or before the sale, this reason does not operate, and those at the sale bid, in fact and in legal contemplation, for the lands, with just such title as can be given for them; and the successful bidder must then pay for just the title he has had in his mind when he bought.

For the reason that no objection to the title is suggested which has not been obviated by the referee, or which if not obviated is of any moment; and for the other reason, that the purchaser had prior notice of the defects which he now urges, we are of the opinion that he is bound to carry out his bargain.

The order appealed from should be affirmed.

All concur.

Order affirmed.