JULIA L. McCOMB, Respondent, *v.* SOLOMON D. WEAVER, Appellant.

*Contempt — order for delivery of property — demand therefor must be made.*

To bring a party into contempt for disobedience of an order or judgment requiring the payment of money or the delivery of property, it is not sufficient that the order or judgment be served upon him, and he be made fully acquainted with its effect; but, in addition thereto, a compliance with the order or judgment must be explicitly demanded by a party who has a right to make such demand; and when the order is to deliver property over to a receiver, the property must be demanded by the receiver personally.

Appeal from an order of the county judge of Yates county adjudging the defendant guilty of a contempt, in refusing to obey an order of the said judge made in supplementary proceedings.

*James L. Taylor,* for the appellant.

*Morris Leary,* for the respondent.

Talcott, J. :

This is an appeal from an order made by the county judge of Yates county convicting the defendant of a contempt, for disobedience of an order made by the said county judge in supplementary proceedings, after the return of an execution unsatisfied, whereby the defendant was directed to deliver over to the receiver, who had been appointed in said proceedings, a certain watch, owned and assumed to be in the possession of the said defendant. The order imposed a fine of $200 on the defendant for the said disobedience, and ordered him to pay the costs and expenses of the proceedings, amounting to the sum of sixty-six dollars and six cents. The defendant claims that the watch was stolen from him about the time the order to deliver the same to the receiver was served. On the hearing of the order to show cause, it was referred by the county judge to a referee to take the evidence concerning the alleged disobedience, and to report the same with his opinion. The defendant admitted the service of the order, and that he had not obeyed the same, but

claimed that the said watch had been stolen from him, and that he had not the possession or control of the same.

Most of the testimony reported by the referee relates to the question whether the watch had been, in fact, stolen. The referee reports, as his opinion, that the defendant had it in his power to comply with the order, and, in effect, that the alleged larceny of the watch was a mere pretense. The evidence was such as to show that it was highly probable that the referee was right in his conclusion, but there is a want of any evidence to show that there has been any formal demand of the watch by the receiver. The testimony of the receiver was taken before the referee, from which it would appear that he did not obtain the order for the delivery of the watch to him, or have any knowledge thereof, until it was shown to him by the defendant. He states the conversation that occurred when the order was shown to him. "I stated to him I was glad he had had such an order served on him, for I was going to the Centennial and wanted a good time-piece to take with me. He then said, what would you do about it? I told him that I could give him no advice, really; he had better take the paper and advise with Mr. Judd. He said he would do so. I told him there was an order for him to deliver the watch to me, and I don't know that there is any thing for you to do but to hand it over to me. * * * He said, when he went out, he would see Mr. Judd and let me know, or words to that effect." The defendant did not then claim to the receiver that the watch had been stolen.

It seems to be settled that, in order to bring a party into contempt for disobedience of an order or judgment requiring the payment of money or the delivery of property, it is not sufficient that the order or judgment has been served on him, and he made fully acquainted with its effect; but, in addition thereto, a compliance with the order or judgment must be explicitly demanded by a party who has a right to make such demand, and where the order is to deliver property over to a receiver the property must be demanded by the receiver personally. (*Panton* v. *Zebley*, 19 How. P. R., 394; *Gray* v. *Cook*, 24 id., 432; *Lorton* v. *Seaman*, 9 Paige, 609.)

The proceeding for contempt is *stricto juris*, and all the rights of the defendant must be carefully preserved, and no conviction should be had unless upon clear evidence. The plaintiff seems to have

proceeded upon the ground that the service of the order was sufficient, without any express or peremptory demand for a delivery of the watch.

The authorities before cited show this to be an error. It is true, the receiver says in one part of his examination, that, as receiver, he demanded some things of the defendant, and, among others, his watch. But we understand the demand there spoken of was before and without reference to the order of the county judge, requiring the specific delivery of the watch. The conversation between the receiver and the defendant, when the former was made acquainted with the order, did not amount to a demand of the delivery of the watch at that time, and was evidently not so understood by either the receiver or the defendant.

We think, therefore, that the order convicting the defendant of a contempt for disobediance of the order to deliver the watch was erroneous, because no demand of such delivery by the receiver was shown, irrespective of the question of fact whether the watch had been stolen from the defendant, so that he had it not in his power to deliver it.

The order appealed from is reversed, with ten dollars costs and disbursements, and if the defendant has paid the fine and costs imposed by the order appealed from, the order of reversal should contain a direction for restitution.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Order appealed from reversed, with ten dollars costs and disbursements, and if the defendant has paid the fine and costs imposed by the order appealed from, the order of reversal to contain a direction for restitution.