MELVIN STEPHENS, Respondent, *v.* ROBERT LEWIS HUMPHRYES and Others, Defendants.

EDWARD H. POTTER, Purchaser, Appellant.

*Mortgage foreclosure — death of a defendant prior to the entry of judgment — a judgment against the deceased is void — sale — notice to a purchaser of defects in the title.*

Where an action is brought to foreclose a mortgage, and prior to the rendering of any decision therein, one of the defendants, who was the owner of an undivided interest in the premises covered by the mortgage, dies, and her heirs or devisees are not brought in as parties defendant, a judgment in the action against her is wholly without authority, and her estate in the premises sought to be foreclosed is wholly unaffected thereby.

It is a well-settled rule that a purchaser at a mortgage foreclosure sale will not be relieved on account of apparent defects in the property, or of defects in the title of which he had notice, and in reference to which he made his bid.

APPEAL by Edward H. Potter, the purchaser of property at a referee's sale, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 11th day of August, 1893, overruling the objections of the purchaser to the title of the premises sold, and directing him to complete his purchase thereof.

*Dennis McMahon,* for the appellant.

*Smith & White,* for the respondent.

PARKER, J. :

Pursuant to a judgment of foreclosure and sale granted in this action, the referee therein named offered for sale at public auction what purported to be an undivided three-fourths of the premises described in the judgment. Edward H. Potter, through one Chapman, his agent, was the highest bidder at such sale, and the premises were struck down to him at the price of $9,550. He paid to the referee immediately ten per cent of the purchase money and signed the terms of sale, thereby agreeing to pay the residue of such purchase money on the 6th day of June, 1893, at which time the referee's deed was to be delivered. Subsequently the purchaser obtained an extension of time within which to complete his purchase, on the ground that time was needed to enable him to secure,

if possible, a conveyance which should have the effect to give a good title to the premises. But his efforts, if any were made, apparently proved unavailing, for, on the sixth of July, he presented to the referee, in writing, certain objections to taking title.

With one exception, these objections were without merit and will not be considered.

The decree directed a sale of an undivided three-fourths interest in and to the premises therein described, and the objection made was that the mortgagors, at the time of the execution and delivery of the mortgage, which was the subject of the foreclosure suit, did not have such an interest in the premises as the judgment decreed should be sold. The facts upon which that objection was founded are not controverted and may be briefly stated as follows:

In June, 1883, the executrix of Johnson A. Jones began a suit to foreclose two mortgages made by Robert Humphryes in his lifetime, her testator being the mortgagee. Among the parties defendant in that suit were the widow and three children of Robert Humphryes, all of whom were personally served, and thereafter, and on July 17, 1893, appeared therein by attorney. Before the time to answer had expired, Margaret Maria Graff, one of the three children of the deceased mortgagor, died, but the attorney conducting the foreclosure neglected to bring in her heirs as parties defendant, but proceeded to judgment as if she were still living.

The premises were sold pursuant to the judgment of foreclosure and sale October 10, 1883, and the property was struck down in the names of the widow and children of the mortgagor Humphryes.

Subsequently a petition was filed in the name of the widow and three children, and signed by all of them except Margaret Maria Graff, who was then dead, but which fact was not mentioned in the petition reciting the sale of October tenth; the purchase of the property by the petitioners; that they were entitled to the entire surplus, and praying an order directing the referee to deliver his deed to them upon their paying to him the amount due the plaintiff, with costs and interest.

Such an order was made, in pursuance of which the referee executed and delivered his deed to the petitioners. The grantees in the deed then executed and delivered a mortgage, which this suit was brought to foreclose.

It has evidently been the view of the mortgagee that, upon sale by the referee under the first foreclosure, the title passed to the persons in whose names the property was struck down, four in all, but as Margaret Maria Graff did not, as being dead she could not, execute the mortgage, that by it there was mortgaged to him the interest of three of the four parties, and in pursuance of such contention it was adjudged that three-fourths of the estate should be sold.

But this was error, as Margaret Maria Graff having died before any report of decision was rendered the entry of a judgment as against her was wholly without authority. (Code Civ. Proc. § 765.)

And her estate in the premises sought to be foreclosed was wholly unaffected by the judgment. It is apparent, therefore, that Potter, as the purchaser at the foreclosure sale of May 24, 1893, could not have obtained a three-fourths interest in the estate.

But the contention is that this objection is not available to the purchaser, because he had knowledge of the facts upon which his objection is founded at the time of the sale. It is a well-settled rule that a purchaser at a mortgage foreclosure sale will not be relieved on account of apparent defects in the property, or of defects in the title of which he had notice, and in reference to which he made his bid. (*Riggs* v. *Pursell*, 66 N. Y. 193 ; *Fryer* v. *Rockefeller*, 63 id. 268.)

Mr. White, one of the attorneys for the plaintiff, and the referee each made affidavit that at the sale, and before any bid was made, White, in the presence of the agent of the purchaser, who was standing within two or three feet of him at the time, read in a clear loud voice the following :

### "SUPREME COURT — NEW YORK COUNTY.

" MELVIN STEPHENS, Plff., *agst.* ROBERT L. HUMPHRYES et al., Defts.

" Notice to Bidders :

" You will please take notice that the three-fourths (¾) interest of Robert L. Humphryes, Dorothy Humphryes and Mary E. Hall in the premises described are advertised for sale under the decree. That the title to the premises comes through a foreclosure suit in 1883 and 1884 entitled *Jones* vs. *Humphryes ;* that it was claimed

by the last purchaser on August 9th, 1892, that by the death of a party, Margaret M. Graff, pending that action, that the interest of the said Robert L. Humphryes, Dorothy Humphryes and Mary E. Hall in the premises about to be sold is only two-thirds (⅔) of the fee instead of three-fourths (¾). The objection was overruled by the court on the ground, among others, that the purchaser had notice ; we do not state that the purchaser at this sale will not acquire title to more than two-thirds (⅔) of the fee, but we believe that he will not, and we make this statement for the protection of bidders as well as the plaintiff.

" *May 24th*, 1893.

" SMITH & WHITE,

" *Plaintiff's Attorneys*,

" 280 Broadway, N. Y."

It will thus be seen that notice was not only given of the facts which constitute the foundation of the purchaser's objection, but the opinion was expressed that the purchaser would not acquire title to more than two-thirds of the fee.

The purchaser Potter states in his affidavit, " That he purchased the three-fourths part of the property in good faith, relying entirely upon the referee's statements made in his said advertisement."

But Chapman, who attended the sale, made the bid in Potter's name, paid the percentage of purchase money required from him, and signed his name to the memorandum of sale, was his agent, and notice to him at the time of the sale was notice to his principal.

Now, Chapman, the agent, with the affidavits of White and the referee before him asserting the reading of the notice, and Chapman's close proximity to White at the time it was read, does not deny the reading of the notice, nor that he was stationed two or three feet from White at the time. Neither does he say that he did not hear the notice read, but contents himself with the declaration that he purchased in behalf of " Potter, relying entirely on the representations made by the said referee and the auctioneer, through their advertisement and said terms of sale, that they were selling, and that the said Potter was purchasing, an undivided three-fourths part of said premises." It is apparent, therefore, that the learned judge at Special Term was required to determine that Potter pur-

chased with full notice of the facts upon which he founds his objection to a completion of the purchase.

The order should be affirmed, with ten dollars costs and printing disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.