In the Matter of the Petition of HARRISON C. FALES to be Relieved from his Purchase on the Foreclosure Sale in the Action of CATHERINE D. BENNETT v. SARAH A. STORM and Others.

CATHERINE D. BENNETT, Appellant; HARRISON C. FALES, Respondent.

In the Matter of the Petition of HARRISON C. FALES to be Relieved from his Purchase on the Foreclosure Sale in the Action of TEUNIS SCHENCK REMSEN v. SARAH A. STORM and Others.

TEUNIS SCHENCK REMSEN, Appellant; HARRISON C. FALES, Respondent.

*Judicial sale — what statements as to the title are binding on the bidders — who should make them.*

When property, to which a perfect title cannot be given, is sold at a judicial sale, the bidders must be fairly apprised of the nature and extent of the title to be acquired, or given notice that they themselves must inquire into the state of the title and take it entirely at their own risk; and a purchaser is not bound by every declaration of any unauthorized person making the same in the auction room.

The conditions of sale and the character of the title should be announced by the auctioneer or sheriff, and the purchaser has a right to rely upon the announcement as made by him.

APPEAL by Catherine D. Bennett and Teunis Schenck Remsen from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 6th day of July, 1898, relieving the petitioner from two purchases made by him upon foreclosure sales.

*Hector M. Hitchings,* for the appellants.

*J. Alexander Koones,* for the respondent.

PER CURIAM:

It is not necessary that the judgment of foreclosure should be amended. The plaintiff was entitled to have the interest of the mortgagor, little or great, in the mortgaged premises, sold toward the satisfaction of his debt. A purchaser at a judicial sale, who has knowledge of the defects in the title to the property which he has contracted to buy, should not be released from his contract for those defects; but it does not follow that because a purchaser has knowledge of one or more infirmities in the title offered, he is obliged to submit to every other defect in title to which the property may be subject. When property, to which a perfect title cannot be given, is made the subject of a judicial sale, it is requisite that the bidders should be fairly apprised of the nature and extent of the title to be acquired, or given notice that they themselves must inquire into the state of the title and take it entirely at their own risk. The court at Special Term has found, on conflicting affidavits, that the purchaser was not fairly apprised of the character of the title he would obtain by the sale under the judgment. This justified the order releasing him. It may be that the plaintiff's attorney did give some general notice in the auction room concerning the character of the title sold, but this was repudiated by the auctioneer who conducted the sale. No proof of the authority of the person making the announcement was given to the bidders. It cannot be possible that proposed purchasers must be bound by every declaration of unauthorized persons made in the auction room. The conditions of sale and the character of the title sold should be announced by the auctioneer or sheriff, and the purchaser has the right to rely on such announcement. When the sheriff refused the plaintiff's request to announce the defective character of the title to the mortgaged premises, the plaintiff should have applied to the court for direction to its officer. This case is to be distinguished from *Stephens* v. *Humphryes* (73 Hun, 199). There a full written notice prepared by the plaintiff's attorney was publicly read at the sale, and the statements made therein were not repudiated, but apparently acquiesced in by the referee. Therefore, in that case, the purchaser was fairly

apprised of the character of his bargain, and the court below so found.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred; GOODRICH, P. J., in result.

Orders affirmed, with ten dollars costs in one case, and disbursements in both.