In re FALES.

REMSEN v. STORM et al.

(Supreme Court, Appellate Division, Second Department. October 25, 1898.)

1. JUDICIAL SALE—DEFECTIVE TITLE.
    Purchasing with knowledge of one or more infirmities in the title does not require the purchaser at judicial sale to accept a title with defects unknown to him at the time.

2. SAME.
    A purchaser at judicial sale is entitled to be relieved from his purchase if he was not fairly apprised of defects in the title.

3. SAME—NOTICE OF DEFECTS.
    A notice of defects of title given in the auction room by the person at whose instance a judicial sale is had, without disclosure of his authority, and repudiated by the sheriff, is insufficient to bind the purchaser.

Appeal from special term, Kings county.

Action by Teunis Schenck Remsen against Sarah A. Storm and others for foreclosure. From an order relieving Harrison C. Fales, purchaser at the sale under decree herein, from his purchase, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Hector M. Hitchings, for appellant.
J. Alexander Koones, for respondents.

PER CURIAM. It is not necessary that the judgment of foreclosure should be amended. The plaintiff was entitled to have the interest of the mortgagor, little or great, in the mortgaged premises, sold towards the satisfaction of his debt. A purchaser at a judicial sale, who has knowledge of the defects in the title to the property

which he has contracted to buy, should not be released from his contract for those defects; but it does not follow that, because a purchaser has knowledge of one or more infirmities in the title offered, he is obliged to submit to every other defect in title to which the property may be subject.    When property to which a perfect title cannot be given is made the subject of a judicial sale, it is requisite that the bidders should be fairly apprised of the nature and extent of the title to be acquired, or given notice that they themselves must inquire into the state of the title and take it entirely at their own risk.    The court at special term has found, on conflicting affidavits, that the purchaser was not fairly apprised of the character of the title he would obtain by the sale under the judgment.    This justified the order releasing him.    It may be that the plaintiff's attorney did give some general notice in the auction room concerning the character of the title sold, but this was repudiated by the auctioneer who conducted the sale.    No proof of the authority of the person making the announcement was given to the bidders.    It cannot be possible that proposed purchasers must be bound by every declaration of unauthorized persons, made in the auction room.    The conditions of sale and the character of the title sold should be announced by the auctioneer or sheriff, and the purchaser has the right to rely on such announcement.    When the sheriff refused the plaintiff's request to announce the defective character of the title to the mortgaged premises, the plaintiff should have applied to the court for direction to its officer. This case is to be distinguished from Stephens v. Humphryes, 73 Hun, 199, 25 N. Y. Supp. 946.    There a full written notice prepared by the plaintiff's attorney was publicly read at the sale, and the statements made therein were not repudiated, but apparently acquiesced in by the referee.    Therefore in that case the purchaser was fairly apprised of the character of his bargain, and the court below so found.

The order should be affirmed, with $10 costs and disbursements.

GOODRICH, P. J., concurs in result.