ADELLA C. METZGER and WILLIAM J. METZGER, her Husband, Respondents, *v.* ALBERT S. MARTIN and Others, Defendants.

JOHN H. SHULTS, Appellant.

*Judicial sale—purchaser at, when required to take title to a right of way, sold thereat, founded upon adverse possession, and also one of necessity.*

The rule that a purchaser at a judicial or private sale will not be compelled to take a title founded upon adverse possession, unless the evidence requisite to establish such title is clear and strong, applies to the sale of an easement in property as well as to a sale of the fee thereof.

Proof sufficient to require a purchaser to take title to a right of way, founded on adverse possession, which was also one of necessity, considered.

APPEAL by John H. Shults, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 11th day of July, 1903, denying his motion to be relieved from the purchase of certain premises at a partition sale and directing him to complete the same.

*Henry T. Dykman,* for the appellant.

*Maurice Dillon* [*Grenville T. Emmet* with him on the brief], for the respondents.

WILLARD BARTLETT, J.:

The property purchased by the appellant at the partition sale is entirely shut off from the highway, which can only be reached therefrom by passing over lands belonging to a person who was not a party to the action. Under the terms of sale the purchaser is entitled to a right of way over such inclosing lands. There is no record title to this easement in the owner of the inclosed lot; and the only question presented in the court below and upon this appeal is whether the proof has established a good title by prescription which the purchaser ought to be compelled to take.

The case is analogous to those in which it has been held that the purchaser at a judicial sale or under a contract may be compelled to take a title founded upon adverse possession. (*Seymour v. De Lancey,* Hopk. Ch. 436; *Shriver v. Shriver,* 86 N. Y. 575; *Baker v. Oakwood,* 123 id. 16, 28; *Ottinger v. Strasburger,* 33

Hun, 466; affd., 102 N. Y. 692.) These authorities, however, all agree in holding that the proof requisite to establish the title by adverse possession in such cases must be clear and strong; and it was suggested in the *Shriver* case that the cogency of the evidence should be such as would call upon the trial court in an action at law to instruct the jury to find that adverse possession had been made out as matter of fact.

The same rule must apply where the purchaser is entitled to an easement, and the only easement which the vendor is able to convey is one founded by prescription. In this view we have carefully examined the affidavits which were presented to the Special Term in support of the contention of the respondents, that the right of way in question here has been used with the knowledge of the owners of the servient estate and without any objection by them for more than half a century. There is no evidence whatever in opposition to the statements contained in these affidavits; and we have the further fact that the right of way is one of necessity and that this must always have been manifest to the owners of the inclosing lands from the time when the inclosed lot was separated from them in 1838. Without reviewing the evidence in detail, it is enough to say that we have reached the conclusion that there is no reasonable doubt in regard to the title so far as this easement is concerned. We have, therefore, concluded to affirm the order.

WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.