RICHARD S. WANSER, Respondent, *v.* JOHN DE NYSE et al., Defendants.

FRANKLIN S. HOLMES, Appellant.

1. REAL PROPERTY — JUDICIAL SALE THEREOF — UNLESS TITLE IS MARKETABLE BIDDER IS NOT REQUIRED TO COMPLETE PURCHASE. A person who, in good faith, bids upon real property at a judicial sale where the particular interest offered is not expressly stated, has a right to assume that he is to receive a conveyance of the fee, and that the title to such real property is marketable. In case the title to such real property is not marketable such fact is a defense to a motion to compel the purchaser to complete his purchase or to any other proceeding or action based upon such bid.

2. WHEN MOTION TO COMPEL BIDDER TO COMPLETE PURCHASE MAY BE MADE — CLAIM OF DEFECTIVE TITLE — AFFIDAVITS. The fact that a person bids upon property at a judicial sale and signs the terms of sale by which he agrees to complete his purchase at a specified time is sufficient on which to move for an order compelling the purchaser to perform his agreement. If answering affidavits are read alleging, and claiming to show, that the title is defective the Special Term may allow the production of such further affidavits, by either party, relating to the title as may be necessary or desirable to bring to the attention of the court the true facts in regard thereto.

3. WHEN ORDER DIRECTING BIDDER TO COMPLETE PURCHASE MAY BE REVERSED AND REFERENCE TO TAKE PROOF ORDERED. Where the affidavits, constituting the record upon which an order was granted requiring a bidder at a judicial sale to complete his purchase, are very general and in part upon information and belief, so that, after a full consideration of all the facts alleged, an ordinarily prudent person would be justified in hesitating about accepting title to the property or loaning money thereon, the order should be reversed and the case remitted to the Special Term to take further proofs and for a rehearing thereon.

*Wanser* v. *De Nyse*, 116 App. Div. 796, reversed.

(Argued April 2, 1907; decided April 30, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1907, which affirmed an order of Special Term directing the appellant herein to complete his purchase of real property sold at a partition sale.

The facts, so far as material, are stated in the opinion.

*A. P. Bachman* and *John Oscar Ball* for appellant.   The Special Term is limited to the scope of the moving papers and in allowing the moving party to submit supplemental affidavits without notice to the adversary or leave, the court committed reversible error.   (*Calder* v. *Bull* 3 Dall. 386 ; 3 Story on Const. 264, 661 ; *People* v. *Toynbee*, 13 N. Y. 378 ; *Rice* v. *Ehle*, 55 N. Y. 524 ; *Badger* v. *Gilroy*, 47 N. Y. Supp. 669 ; *Deutermann* v. *Pollock*, 36 App. Div. 522 ; *Ferguson* v. *Commonwealth Rubber Co.*, 38 N. Y. Supp. 375 ; *Rubino* v. *Mariano*, 65 App. Div. 314 ; 73 N. Y. Supp. 7 ; *Newbury* v. *Newbury*, 6 How. Pr. 183 ; *Morley* v. *Green*, 11 Paige, 240 ; *Van Benthuysen* v. *Stevens*, 14 How. Pr. 70.)   The title is not marketable and the papers sufficiently raise the issue.   (*T. G. & T. Co.* v. *Fallon*, 101 App. Div. 188 ; *Greenblatt* v. *Hermann*, 144 N. Y. 13 ; *Fleming* v. *Burnham*, 100 N. Y. 10 ; *Vought* v. *Williams*, 120 N. Y. 253 ; *Blanck* v. *Sadlier*, 153 N. Y. 556 ; *McPherson* v. *Schade*, 149 N. Y. 16 ; *Heller* v. *Cohen*, 154 N. Y. 299 ; *Moore* v. *Williams*, 115 N. Y. 586 ; *Scripture* v. *Morris*, 159 N. Y. 534 ; 38 App. Div. 377 ; *Brokaw* v. *Duffy*, 165 N. Y. 391.)

*Washington Sackmann* and *Edmund C. Viemeister* for respondent.   The purchaser fails to base his refusal to complete his purchase on any error on the record of the title or outside thereof.   He presents no fact constituting a real question.   There must be a real question and a real doubt.   (*Greenblatt* v. *Hermann*, 144 N. Y. 13 ; *Fleming* v. *Burnham*, 100 N. Y. 10 ; *Cambrelling* v. *Purton*, 125 N. Y. 610 ; *Hagan* v. *Drucker*, 90 App. Div. 28 ; *Todd* v. *U. D. S. Inst.*, 128 N. Y. 636.)   A suspicion or conjecture without any facts to support it, does not raise a reasonable doubt as to the validity

of a title good upon the record. (*E. R. Corp.* v. *Sayre*, 107 App. Div. 415; *T. G. & T. Co.* v. *Fallon*, 101 App. Div. 188.) The purchaser has been relieved from his purchase by the court only in such cases where positive questions of fact have been presented by him as an excuse. (*Moore* v. *Williams*, 115 N. Y. 586; *McPherson* v. *Schade*, 149 N. Y. 16; *Heller* v. *Cohen*, 154 N. Y. 299; *Vought* v. *Williams*, 120 N. Y. 253; *Scripture* v. *Morris*, 38 App. Div. 377.)

CHASE, J. In this state a person who, in good faith, bids upon real property at a judicial sale where the particular interest offered is not expressly stated, has a right to assume that he is to receive a conveyance of the fee, and that the title to such real property is marketable. In case the title to such real property is not marketable, such fact is a defense to a motion to compel the purchaser to complete his purchase or to any other proceeding or action based upon such bid. (*New York Security and Trust Company* v. *Schoenberg*, 87 App. Div. 262; affd., 177 N. Y. 556; *Mott* v. *Mott*, 68 N. Y. 246; *Crouter* v. *Crouter*, 133 N. Y. 55; *Cambrelleng* v. *Purton*, 125 N. Y. 610; *Jordan* v. *Poillon*, 77 N. Y. 518; *Miller* v. *Wright*, 109 N. Y. 194; *Matter of Fales*, 33 App. Div. 611; affd., 157 N. Y. 705.)

The decision on such a motion should be based upon equitable principles. It does not even as between the parties amount to a determination that the title to the property is perfect or imperfect. The purchaser being entitled to a marketable title should not be compelled to take a title that will not be accepted by an ordinarily prudent man when the property is again offered for sale or as security for a loan.

This court has frequently stated the rights of vendors and vendees in cases involving a marketable title to real property. In *Fleming* v. *Burnham* (100 N. Y. 1, 10) the court say : " A title open to a reasonable doubt is not a marketable title. The court cannot make it such by passing upon an objection depending on a disputed question of fact or a doubtful question of law, in the absence of the party in whom the outstanding

right was vested.    He would not be bound by the adjudication
and could raise the same question in a new proceeding.    The
cloud upon the purchaser's title would remain although the
court undertook to decide the fact or the law, whatever moral
weight the decision might have.    It would especially be unjust
to compel a purchaser to take a title, the validity of which
depended upon a question of fact where the facts presented
upon the application might be changed on a new inquiry or
are open to opposing inferences.    There must doubtless be a
real question and a real doubt.    But this situation existing,
the purchaser should be discharged."

In *Heller* v. *Cohen* (154 N. Y. 299, 306) the court in stating
the rules applicable to an action for specific performance say :
" To entitle a vendor to specific performance he must be able
to tender a marketable title.    A purchaser ought not to be
compelled to take property, the possession of which he may
be obliged to defend by litigation.    He should have a title
that will enable him to hold his land free from probable claim
by another and one that, if he wishes to sell, would be reason-
ably free from any doubt which would interfere with its
market value.    If it may be fairly questioned, specific per-
formance will be refused.    (*Vought* v. *Williams*, 120 N. Y.
253, 257 ; *Shriver* v. *Shriver*, 86 N. Y. 575, 584 ; *Fleming*
v. *Burnham*, 100 N. Y. 1.)

" So, where there is a defect in the record title which can
be supplied only by resort to parol evidence and the title may
depend upon questions of fact, the general rule is that the
purchaser will not be required to perform his contract.
(*Irving* v. *Campbell*, 121 N. Y. 353 ; *Holly* v. *Hirsch*, 135
N. Y. 590, 598.) "

The motion in this case is based wholly upon an affidavit
of a clerk in the office of the plaintiff's attorney, consisting
of a few sentences alleging that the action is brought for par-
tition, and that the premises described in the notice of sale
were offered for sale by a referee pursuant to an interlocutory
judgment in the action ; that the appellant on this appeal
became the purchaser for $10,100 and paid to the referee 10%

of the amount of his bid and agreed to pay the remainder thereof on a day specified and that he has failed to make the payment as so agreed.  The affidavit further states that the purchaser declined to complete his purchase for the reason " that his counsel is unable to ascertain certain facts relating to the heirs, and their identity, of a former owner of said premises who died seized thereof intestate."

The appellant appeared upon the motion and read two affidavits made by his attorney, in one of which he alleges that the referee is unable to give a marketable title to the property and in the other of which he alleges that " Said property appears to have been a part of a plot of farm land acquired in 1827 by one Francis Oliver, a colored man ; that deponent has been and still is unable to find any proof of the death of said Oliver or of proceedings in the Surrogate's Court of Kings County relative to the estate of said Oliver; that in 1865 and 1866 there were filed in the office of the Register of Kings County quit-claim and bargain-and-sale deeds from some thirty-nine parties, conveying or professing to convey the said property to one Abraham Wanser; that there is nothing in the records or outside, as far as deponent and the Title Company employed to search the title are concerned, to show that the grantors of said deeds were all the heirs of Francis Oliver, or that there were any steps taken to put a record of such heirs on the public files so that the purchaser Franklin S. Holmes is now confronted with a title which is clouded by an uncertainty, and which he might be obliged to protect as against unknown heirs entitled to share in the estate of Francis Oliver."

In support of the title the plaintiff then produced an affidavit of a person in which he says, that a number of the heirs of Francis Oliver, deceased, in 1865 spoke to him about purchasing the property and that he agreed with one of such persons that he would pay $700 therefor; and that he then gave the money to a justice of the Supreme Court, and requested him to supervise the transfer of the property and secure for him a good title thereto, and that he was subse-

quently told by him that all of the heirs at law of said Francis Oliver, deceased, had signed deeds of said property, and that the same had been recorded. That he thereupon took possession of the property and about 1893 conveyed it to his wife, the mother of the parties to this action, who is now deceased, and that at no time since the conveyances to him has the title to said property been questioned, or the possession of himself and wife and her heirs been disputed or called in question. He also produced an affidavit made by a son of said justice, who alleges that he had charge of procuring said deeds and that he verily believes that the grantors named in the several conveyances of record comprise all the heirs at law of said Francis Oliver deceased.

The record to sustain the order requiring the appellant to complete his purchase consists of said four short affidavits. The statements in the affidavits are very general, and in part on information and belief. None of the papers in the action are before the court, and the property is not even described in the record before us, except by a general statement that it is situated in the town of Flatlands, Kings county, within the borough of Brooklyn, city of New York.

The fact that a person bids upon property at a judicial sale and signs the terms of sale by which he agrees to complete his purchase at a specified time, is doubtless sufficient on which to move for an order compelling the purchaser to perform his agreement. If answering affidavits are read alleging and claiming to show that the title is defective, the Special Term may allow the production of such further affidavits relating to the title as may be necessary or desirable to bring to the attention of the court the true facts in regard thereto. The rights of the parties can always be fully protected by the court in directing when and upon what conditions further affidavits are to be read.

We do not find that the court erred in allowing further affidavits to be read on behalf of the plaintiff, or that the appellant made known to the court that he desired to produce further affidavits on his part, or that he asked that a referee

be appointed to take evidence in regard to said title. The appellant erroneously assumes that it was the duty of the court on its own motion to order a reference, and that testimony taken before a referee would be perpetuated for use against persons other than parties to the action. In the affidavits it is practically conceded that Francis Oliver was the owner in fee of the lands in question in 1827, and although it is generally asserted that Francis Oliver died prior to the giving of the deeds in 1865 and 1866, it does not appear when or where he died, or whether he left descendants. Each of the affiants in the replying affidavits is an old man, and each shows that he has lived in the vicinity of the premises in question for many years, one since 1844 and the other all his life, and that he was acquainted with the Oliver family, but for some reason that is not disclosed not a word is said in regard to the death of said Oliver, or as to his heirs at law, except in general terms, as hereinbefore stated. No record can be found by the appellant of the death of Francis Oliver, or in any way relating thereto, and the deeds given in 1865 and 1866 do not contain recitals showing the history of the Oliver family or of the relationship of the grantors therein to said Francis Oliver or the property. It is not necessary to discuss the question as to the burden of proof as between the appellant and respondent on the motion, not only for the reason that the affidavits were considered at the Special Term without reference to the burden of proof, but as the affidavits of both parties assume that Francis Oliver was the owner of the fee of the property in 1827 the subsequent record title is not sufficient apart from extrinsic evidence to make the title free from reasonable doubt unless the possession under said deeds is sufficient to sustain the respondent's claim.

Where the facts are sufficiently clear, adverse possession may alone be sufficient to make a title which a purchaser at a judicial sale should be compelled to accept. (*Shriver* v. *Shriver*, 86 N. Y. 575; *Simis* v. *McElroy*, 12 App. Div. 434; affd., 160 N. Y. 156; *Freedman* v. *Oppenheim*, 187 N. Y. 101; *Messinger* v. *Foster*, 115 App. Div. 689.)

The only affidavit relating to adverse possession is general in its terms. The character of the property is not disclosed except that it appears that it has been cultivated. The extent of the cultivation does not appear, and it is not shown whether the lands have been inclosed or marked by visible boundaries. The proof of adverse possession is not shown with that clearness required to make a marketable title based wholly thereon.

It may be that extrinsic evidence can be obtained to show that the deeds of record make a complete and perfect title to the property and that the possession of the parties to the action and their predecessors in title has been sufficient apart from the record title, or in connection therewith, to sustain an order compelling the purchaser to complete his purchase.

The record, however, is very unsatisfactory, and after a full consideration of all that it contains an ordinarily prudent person would be justified in hesitating about accepting title to the property or loaning money thereon. The order should be reversed, with costs to appellant in this court, and the case remitted to the Special Term to take further proofs and for a rehearing thereon.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT, VANN and HISCOCK, JJ., concur.

Ordered accordingly.