SMITH v. DOE et al.

(Supreme Court, Special Term, Kings County.   March, 1908.)

1. DOWER—RIGHTS OF WIDOW—DOWER CONSUMMATE—DEATH OF HUSBAND.
   On the death of plaintiff's husband, her right to dower became consummate.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dower, §§ 178–198.]

2. ESCHEAT—OPERATION AND EFFECT.
   Upon the death of the owner of land without heirs, such land at once escheated to the state, and the title thereto immediately vested in the state by operation of law.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Escheat, §§ 1, 18.]

3. DOWER—EFFECT OF ESCHEAT OF PROPERTY 'SUBJECT.
   Though property in which plaintiff had a dower interest escheated to the state upon the death of the owner without heirs, the state took title thereto subject to plaintiff's dower interest, which had become consummate before the escheat.

4. JUDICIAL SALES—TITLE OF PURCHASERS—RELIEF AGAINST DEFECTS.
   One who bids in good faith upon real property at a judicial sale, where the particular interest offered is not expressly stated, may assume that he is to receive a conveyance of the fee and a marketable title to the property, and, if the title is not marketable, such fact is a defense in a suit to compel the purchaser to complete his purchase, or to any other proceeding based upon his bid at the sale.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Judicial Sales, §§ 97–103.]

5. JUDGMENT—CONCLUSIVENESS—PERSONS CONCLUDED—UNNECESSARY PARTY.
   In an action to admeasure dower in land which had escheated to the state, the state is not bound by the judgment therein, though made a party defendant in the summons, as there is no authority to make the state a party defendant in an action for dower.

6. STATES—ACTIONS—APPEARANCE BY ATTORNEY GENERAL—WAIVER OF JURISDICTION.
   In an action to admeasure dower in land which had escheated to the state, where the people were made a party defendant without statutory authority, the appearance of the Attorney General generally in the action, and also upon the hearing before the referee on title, the question of title having been referred, did not work a waiver by the people of the jurisdictional question involved in making the state a party.

7. ESCHEAT—ENFORCEMENT—WAIVER OF RIGHT TO ENFORCE.
   In an action to admeasure dower in land which had escheated to the state, where the people were made a party defendant together with unknown heirs, the appearance of the Attorney General generally in the action, and upon the hearing before a referee on title, the question of title having been referred, did not estop the people from instituting, through the Attorney General, an action, under Code Civ. Proc. tit. 1, c. 16, art. 5, relating to actions to recover escheated property, to recover the land embraced in the dower action on the ground of escheat.

8. DOWER—ADMEASUREMENT—SALE—TITLE OF PURCHASER—SUFFICIENCY.
   In an action to admeasure dower in land, the land was ordered sold, but it appeared from the allegations of the pleadings and from the testimony that the owner of the fee died leaving no heirs. Held, on a motion to compel those bidding at the sale to take title to the land, that the title was not free from uncertainty because of the fact that the evidence tended to show that the land had escheated to the state, and hence the purchaser would not be compelled to take title, and Code Civ. Proc. § 1625, relating to sale of premises for dower, and the distribution and

care of the proceeds, has no application to compel the purchaser to take such a title.

**9. SAME—VACATING SALE—RETURN OF PURCHASE PRICE—AMOUNT RETURNED.**

Where the title to land sold in an action to admeasure dower was not free from uncertainty so that the purchaser was not obliged to take it, upon motion being denied to compel the completion of the sale, the purchaser should have returned to him the sum paid on account of the purchase, but not the auctioneer's fee or the expense of examining title, as the referee, to whom the title was referred for examination, should not be required to pay any more than he is shown, or presumed, to have received.

Action by Mary Smith against John Doe and the people of state of New York and others. Motion by plaintiff to compel the purchaser at judicial sale to take title upon an action to admeasure dower. Motion denied.

Langbein & Langbein, for the motion.

E. M. Perry, opposed.

MADDOX, J. The averments, though upon information and belief, in the verified complaint here and the testimony taken on the reference on title, create the serious doubt, namely, that Patrick Smith died leaving no heirs at law. On the death of her husband, plaintiff's dower became consummate and the fee in the real property in question passed to and vested immediately in his brother, Patrick Smith, but subject to such dower right, and upon the death of that brother, Patrick Smith, without heirs, said real property "at once escheated to the state, and the title thereto immediately vested in the state by operation of law" but, likewise, subject to plaintiff's dower. Croner v. Cowdrey, 139 N. Y. 471, 476, 34 N. E. 1061, 1062, 36 Am. St. Rep. 716. I am mindful of the presumption that decedents leave heirs, but, in view of the foregoing consideration, the respondents on this motion, those bidding at the judicial sale, should not be put to the hazard of having to defend title to the premises sold as against a claim of escheat to and hence the vested rights of the people of the state, since, as said by Judge Chase, in Wanser v. De Nyse, 188 N. Y. 378, 380, 80 N. E. 1088, 117 Am. St. Rep. 871:

"In this state a person who in good faith bids upon real property at a judicial sale where the particular interest offered is not expressly stated has the right to assume that he is to receive a conveyance of the fee, and that the title to such real property is marketable. In case the title to such real property is not marketable, such fact is a defense to a motion to compel the purchaser to complete his purchase or to any other proceeding or action based upon such bid."

If Patrick Smith left no heirs, then upon his death the escheat was complete, but subject to plaintiff's dower, and the people of the state of New York are not bound by the judgment here, though named as parties defendant in the summons in the action, since there is no authority for making the state a party defendant in an action for dower, notwithstanding there are express statutory provisions permitting that in certain other actions. Code Civ. Proc. §§ 447, 1594, 1627, 3402. Code, § 1625, does not aid plaintiff on this motion; for, as we see, the application of that section is limited to provisions relating to a sale

of the premises and to the distribution, investment, and care of the proceeds thereof. The appearance of the Attorney General generally in this action and also upon the hearings before the referee on title cannot be construed as working a waiver by the people of the jurisdictional question presented, nor can it be urged that thereby the people are estopped from instituting and maintaining, through the Attorney General and pursuant to the provisions of article 5, tit. 1, c. 16, Code, an action to recover the premises embraced in this action because of an escheat. Seitz v. Messerschmitt, 117 App. Div. 401, 102 N. Y. Supp. 732, affirmed 188 N. Y. 587, 81 N. E. 1175. The title here tendered is not free from uncertainty and from judicial doubt and, the purchasers should not be compelled to take that, the possession of which they may have to defend by litigation. Wanser v. De Nyse, supra.

Motion to compel completion of purchase is denied, and the purchasers should have returned to them the sum paid on account of the purchase, not the auctioneer's fee or expense of examining title, since the referee should not be required to pay any more then he is shown or is to be presumed to have received.

Settle order on notice.

No order was entered herein, as the decision was superseded by an act of the Legislature releasing the interest of the state to the purchaser.