(96 Misc. Rep. 74)

## In re CALLAHAN'S WILL.

(Supreme Court, Special Term, New York County. June, 1916.)

1. JUDICIAL SALES ☞27(1)—LIABILITY OF BIDDERS—TITLE WHICH PURCHASER MAY BE REQUIRED TO TAKE.

The purchaser at a judicial sale is entitled ‑to a marketable title, and a motion to compel him to accept title and to complete the purchase will not be granted, unless it is very clear that the marketable title is not impaired by the defects urged.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 54, 97–99; Dec. Dig. ☞27(1).]

2. JUDICIAL SALES ☞27(1)—LIABILITY OF BIDDERS—TITLE WHICH PURCHASER MAY BE REQUIRED TO TAKE.

Under Real Property Law (Consol. Laws, c. 50) § 67, as amended by Laws 1913, c. 55, authorizing judicial sale or lease of real property held by tenant for life, with contingent remainder over to persons whose identity is unknown, if the interests of the life tenant and remaindermen so require, where a will devised real estate to petitioner for life, and on her death to her issue, and provided that on her death without issue the property be sold, and the proceeds divided among religious and charitable organizations, to be determined as directed, thus creating no vested legal title to the remainder in the executors, *held* that, the life tenant having no issue, there was no person in being having an estate vested or contingent in reversion or remainder in said property on whom the notice of application of sale required by statute could be served, and the purchaser at such sale could not be compelled to accept title.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 54, 97–99; Dec. Dig. ☞27(1).]

Application under chapter 52, Laws 1909, and acts supplemental and amendatory thereof, for the sale of real property devised by and under the last will and testament of Cornelius Callahan, deceased. On motion to compel purchaser at such sale to accept title and complete the purchase. Motion denied.

Forbes J. Holland, of New York City, for the motion.
Francis J. Hogan, of New York City, opposed.

GIEGERICH, J. This is a proceeding brought by the life tenant under section 67 and the following sections of the Real Property Law for the sale of a number of parcels of real estate located in the city of New York. The will under which the property is held devises all of it to the testator's daughter, the petitioner, for life, and on her death to her surviving issue. The will contains the further provision:

"I direct and empower my said executors upon the death of my said daughter without issue as aforesaid, that is to say, as soon thereafter as is practicable, to sell all my real and personal estate at public or private sale in their discretion and to divide and distribute the net proceeds thereof in the following manner: (a) To my executors, hereinafter named, the proceeds of the sale of my premises, 124 East Thirty-First street, borough of Manhattan, city of New York, to be given by them in equal shares and divided among the five or ten most needy Roman Catholic churches within the Roman Catholic Archdiocese of New York as they and the Roman Catholic Archbishop of New York or his successor or a majority of them shall select, designate and appoint. (b) To my said executors the proceeds of the sale of my premises, Nos. 227 East Twenty-Sixth street and 226 East Twenty-Seventh street, 342 East

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Twenty-Fourth street, 46 Grand street and 434 West Forty-Ninth street, in the said borough and city, to be given by them in equal shares and divided among such Roman Catholic charitable institutions within said archdiocese as they and the said archbishop or a majority of them shall select, designate and appoint. (c) To the Society of St. Vincent de Paul, in the city of New York, the sum of $2,000 and the income thereon to be used for the purposes of said society, and I desire that said sum be deposited in the Emigrants' Industrial Savings Bank of the city of New York. (d) To John P. McGowan, M. D., of No. 110 East Thirtieth street, borough of Manhattan, city of New York, the sum of $500. (e) To the Roman Catholic Orphan Asylum, in the city of New York, the sum of $5,000. (f) To the pastor of St. Stephen's Roman Catholic Church, in East Twenty-Eighth street, in the city of New York, borough of Manhattan, the sum of $5,000, on condition that he use the same towards building a new front and improving the entrances on the Twenty-Eighth street end of said church. (g) If, after the foregoing legacies are fully paid, there should be anything left of my estate, I direct the same to be paid to the same persons and devoted to the same uses and distributed in the same manner as set out in the subdivisions 'A' and 'B' of paragraph 'thirteenth' of this my will."

Section 67 of the Real Property Law, as amended by chapter 55 of the Laws of 1913, provides as follows:

"*Sale or Lease of Real Property Held by Tenant for Life with Contingent Remainder or Remainders over to Persons Whose Identity is Unknown.* In any case where real property is devised by will or conveyed by deed to a person for life, with contingent remainder or remainders over, to persons the identity of whom cannot be definitely ascertained until the death of the person entitled to the life estate, the Supreme Court may, by order, on such terms and conditions as seem just and proper, authorize the sale or lease of such real property, or any part thereof, whenever it appears to the satisfaction of the court that said real property, or some portion thereof, has become so unproductive or such circumstances or conditions have arisen subsequent to the devise or deed that it is for the best interest of the life tenant and of the remaindermen that a sale or lease should be had, or that for other peculiar reasons, or on account of other peculiar circumstances, it is for the best interest of the life tenant and the remaindermen that a sale or lease should be had. The Supreme Court shall not grant such an order, unless it appears to the satisfaction of such court, that a written notice, stating the time and place of the application therefor, has been served upon the life tenant, and upon every other person in being having an estate, vested or contingent, in reversion or remainder in said real property at least eight days before the making thereof. If such beneficiary or other person is an adult without the state, or is a minor, lunatic, person of unsound mind, habitual drunkard or absentee, notice shall be served on such beneficiary or other person in such manner as the court or a justice thereof may prescribe. Upon the return day of the notice the court shall, upon its own motion, appoint a special guardian for any minor and for any lunatic, person of unsound mind or habitual drunkard who shall not be represented by a committee duly appointed."

The matter was referred to a referee who reported that the petition should be granted and the sale made, and that report was confirmed by the court, and the referee has sold at private sale, pursuant to the said order of confirmation, two of the parcels described in the petition as parcels G and H, and known by the street numbers 14 and 16 West End avenue, in the borough of Manhattan, in the city, county, and state of New York. The purchaser rejected title, and this motion is made to compel him to complete his purchase.

[1] It is hardly necessary to cite authorities for the proposition that upon a motion of this character the objections to the title tendered are not to be passed upon by the court in the same way they would be if

raised in a direct proceeding between the very parties to the right. In such a direct proceeding, where all the parties in interest are before the court and the court has jurisdiction to decide, they are concluded by the judgment pronounced, so long as it stands unreversed; but the court stands in quite a different attitude where it is called upon to compel a purchaser to take title under a judicial sale, who asserts that there are outstanding rights and interests not cut off or concluded by the adjudication under which the sale was made. The objection may involve a mere question of fact, or it may involve a pure question of law upon undisputed facts. In either case it may very well happen that the question is so doubtful that, although the court would decide it upon the facts disclosed, in a proceeding where all the parties interested were before the court, nevertheless it would decline to pass upon it in a proceeding to compel a purchaser to take title and would relieve him from his purchase. Fleming v. Burnham, 100 N. Y. 1, 9, 2 N. E. 905. In Jordan v. Poillon, 77 N. Y. 518, 521, 522, the court said that the "case should be very plain which would authorize a court to decide a question arising on a motion to compel a party to take a conveyance." In Brooklyn Park Commissioners v. Armstrong, 45 N. Y. 234, 247, 248, 6 Am. Rep. 70, the court held that, even though the danger to the purchaser, to all seeming, is very slight and very remote, if there is in fact an existing defect in the title, the purchaser will not be compelled to perform. In Wanser v. De Nyse, 188 N. Y. 378, 380, 80 N. E. 1088, 117 Am. St. Rep. 871, the court said that the decision on a motion to compel a purchaser at a judicial sale to complete his purchase should be based on equitable principles:

"It does not even as between the parties amount to a determination that the title to the property is perfect or imperfect. The purchaser being entitled to a marketable title, should not be compelled to take a title that will not be accepted by an ordinarily prudent man when the property is again offered for sale or as security for a loan."

Without attempting to pass upon the questions presented, it will be enough to briefly point out those questions and to say that in my judgment there is such doubt that the purchaser should not be compelled to take the title. Curiously enough, it does not appear in the original petition on which the proceeding to sell was instituted, nor in the referee's report, nor in the petition in the present application, whether or not there are any issue of the petitioner. The arguments seem, however, to tacitly assume that there are no such issue and I will make the same assumption in my disposition of the case. It is plain that the duty placed by the will upon the executors to sell and distribute does not create a trust under section 96, subdivision 2, of the Real Property Law, but only a power under section 97 of that law. No attempt is made to confer upon the executors power to receive the rents and profits. It follows, therefore, that the legal title to the remainder in fee is not vested in the executors.

[2] Neither is it vested in the various persons and institutions referred to in the thirteenth paragraph of the will, a portion of which has been above quoted, as the beneficiaries of the distribution therein provided for. The power given to the executors by that paragraph of the

will is merely a power of sale; but it is plainly mandatory, and when it takes effect, if ever, it will work an equitable conversion of the real estate into personalty. Therefore neither the executors nor any of the distributees mentioned in that paragraph take any estate in the land. It would seem, therefore, and in this the attorney for the petitioner expresses agreement in his brief, that at the present time the fee is vested in the petitioner as heir of her father, the testator, subject to the execution of the power of sale, and subject to being divested on her death leaving issue her surviving, or perhaps on the birth of issue. It would seem, therefore, that we have the extraordinary situation presented where there is no person in existence "having an estate, vested or contingent, in reversion or remainder in said real property," and, consequently, no person in being on which the notice provided by section 67 can be served, other than the petitioner herself. In other words, she as life tenant is the petitioner, and seeks to have a sale made, while she as the sole heir of her father has the fee of the remainder and is the only person upon whom the statute requires or contemplates service of the notice of the application.

The dangerous situation in which the purchaser would be left if compelled to take title is apparent if issue should hereafter be born to the petitioner, and the question should be raised by such issue, or on their behalf, whether section 67 was intended to apply to such a case as is presented on this application. It is manifest that that question cannot be determined in this proceeding, because there is no one in existence who can be made a party to the proceeding to represent the interests of such issue, and to make the adjudication binding upon them, assuming that the statute would be applicable in such a situation as would be presented after some issue were born, which seems not to have been the opinion of the consolidators, because they say in their note to section 67 that "the sections should also be made applicable to remainders 'which open to let in,' even though not classed as contingent remainders." Within the rules as above stated by the Court of Appeals, it seems clear that the purchaser should not be compelled to take title.

The motion must therefore be denied, with $10 costs, and the referee directed to return the deposit heretofore made by the purchaser. Settle order on notice.