WALTER SEDGWICK and Others, as Executors, etc., of ADELAIDE S. PREVOST, Deceased, Plaintiffs, *v.* JOSEPH A. McOWEN and ARTHUR D. LYONS, as Executors of and Trustees under the Last Will and Testament of ANTHONY McOWEN, Deceased, and Others, Defendants.

Supreme Court, Bronx County, November, 1922.

Foreclosure — real property within two counties — notice of sale must be published in both counties — Civil Practice Act, §§ 506, 712 and 986 — when purchaser will not be compelled to complete purchase.

Section 506 of the Civil Practice Act, relating to the place and mode of sale of real property under judgments generally, is the only provision of said act which expressly refers to property situated partly in one county and partly in another, and deals with the conduct of the sale rather than publication of the notice thereof.

The notice of sale and foreclosure of a mortgage upon property lying partly in the city of New York, borough and county of Bronx, and partly in the incorporated village of Pelham Manor, county of Westchester, was published twice a week for three successive weeks in two daily newspapers published in the city of New York, county of Bronx. *Held,* that the notice of sale not having been published in some newspaper in Westchester county was defective, and a motion to compel the purchaser at the sale to complete his purchase and accept the referee's deed will be denied.

Under a fair interpretation of section 712 of the Civil Practice Act publication of the notice of sale was required in both counties, save only in the case where an exception is made by section 986 of said act, the extent of which exception is by no means clear.

It not appearing that any of the parties present at the sale other than plaintiff had notice of the defect in the publication of the notice of sale there was no waiver of the defect within the rule applicable in such case.

MOTION to compel purchaser on foreclosure to complete purchase.

*Butler, Wyckoff & Campbell (James Morrow,* of counsel), for plaintiff.

*Henry H. Harkavy,* for defendant Isabelle Realty Company.

*George L. Allin,* for Title Guarantee and Trust Company.

*Henry R. Chittick,* for Lawyers Title and Trust Company.

Marsh, J. This is a motion by the plaintiffs in a foreclosure action to compel the purchaser at the foreclosure sale to complete the purchase and accept the deed. The purchaser has refused because of an alleged defect in the notice of sale. The property lies partly in the city of New York, borough and county of Bronx, and partly in the incorporated village of Pelham Manor, county of Westchester. The notice of sale was published twice a week for three successive weeks in two daily newspapers published in the city of New York, county of Bronx. The purchaser maintains that it should also have been published in some newspaper in Westchester county, although it appears that no newspaper of any kind is published in the village of Pelham Manor. It was stated upon the argument that the legal question presented has never been judicially determined, and counsel for two leading title companies have appeared as *amici curiæ* and expressed opposite views.

The legal requirements for a notice of sale in foreclosure are specified in the second and third sentences of section 986 of the Civil Practice Act. The provisions for the sale of real property on execution, incorporated by reference in the second sentence of section 986, are found in section 712 of the Civil Practice Act. In connection with the foregoing sections attention is also directed to section 506 of the Civil Practice Act, relating to the place and mode of sale of real property under judgments generally. An harmonious interpretation of sections 506, 712 and 986 presents innumerable difficulties. It is obvious that they are in some respects both inconsistent and incomplete. Even standing by itself section 986 is obscure and almost unintelligible, particularly towards the end of the second sentence. The potential problems multiply under close study. Upon this occasion, however, attention will be directed only to those which are involved in the present motion.

It will be observed that section 506 is the only section which refers expressly to property situated partly in one county and partly in another. It deals, however, with the conduct of the sale rather than publication of notice thereof. The 1st subdivision of section 712 requires posting of notice not only where the sale is to take place, but also where the property is situated. The 2d subdivision, which deals with publication, does not specify

whether the publication must be made at the place of sale or at the location of the property, or both. In most cases the omission would be immaterial and the same newspaper would meet both specifications. No express provision is found anywhere to govern the publication where the property is situated partly in one county and partly in another, with the single exception of the incidental reference in the third sentence of section 986; but it has been stated upon the argument to be the almost universal practice in such cases to publish in both counties. I am of the opinion that such publication is required by the fair interpretation of section 712, save only in the case where an exception is made by section 986. The extent of this exception is by no means clear from a reading of the section. In so far as the second sentence of section 986 is concerned, the purpose of the exception would appear to be the giving of permission to publish twice a week for three weeks instead of once a week for six weeks. There is no indication that the second sentence of section 986 is intended to make any change in the requirement of publication in two counties, but its sole effect (disregarding New York and Kings counties) is to permit an alternative method in the defined localities, in case publication therein is required at all under section 712. The third sentence of section 986 goes further and under the conditions therein described provides an exception relating to the place as well as to the times of publication. That sentence specifies the only situation called to my attention wherein publication solely outside of the county will be adequate. It is unnecessary to attempt a precise interpretation of this sentence or determine in what circumstances it might be applicable, for it clearly does not apply to the case now before the court for the reason that no part of the property now in question is situated " in a city in which no newspaper is published." Should the argument be made that no intelligent or just reason appears for a distinction between cities and incorporated villages in this sentence when the two have been grouped together in the preceding sentence, the answer is that the legislature has seen fit to let its will be so expressed. It follows that the notice of sale is defective, not having been published in Westchester county.

The plaintiff further claims that the purchaser cannot take advantage of the defect, because its attorney was present at the sale and that a copy of the notice of sale had previously been personally served on the attorneys for all parties who had appeared and demanded notice. It is not clear that any notice the attorney may have had would have been binding on the purchaser or his assignee, as said attorney appears to have been present in the capacity of attorney for a junior mortgagee, and it may be that

**618** Edelman, Edelman & Berrie, Inc., *v.* R. G. & D. C. Union.

Supreme Court, November, 1922.      [Vol. 119

notice to him in that capacity is not binding on the purchaser. However that may be, there is nothing to show that any of the parties present, other than the plaintiff, had notice of the defect in publication and, consequently, there was no waiver of the defect within the rule laid down in *Fryer* v. *Rockefeller*, 63 N. Y. 268; *Riggs* v. *Pursell*, 66 id.193, and *Stephens* v. *Humphryes*, 73 Hun, 199. The motion is accordingly denied.

Ordered accordingly.