JOHN F. CONDON and Another, Respondents, v. AGNES QUIGLEY and Others, Defendants.

PAUL ENGLANDER, Purchaser, Appellant.

First Department, May 16, 1924.

Vendor and purchaser — marketable title — title by adverse possession under written instrument is marketable title — purchaser at partition sale will be compelled to complete purchase — adverse possession under written instrument within Civil Practice Act, §§ 37 and 38, shown.

Adverse possession for more than twenty years under a written instrument establishes a marketable title and the purchaser at a partition sale will be compelled to complete his purchase.

In this case the purchaser cannot refuse to complete his purchase because of a break in the chain of paper title between 1855 and 1859, since it is shown that the title since that date is complete, and that since 1884 the land has been held adversely under a deed executed in 1859 following the lapse in the chain of title and under a deed executed in 1884 which sufficiently establishes adverse possession according to sections 37 and 38 of the Civil Practice Act.

APPEAL by Paul Englander, the purchaser on a sale in a partition action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of April, 1924, directing the said Paul Englander to complete his purchase of premises No. 273 Tenth avenue, New York city, made at public auction in the above-entitled partition action, and denying said purchaser's cross motion to be relieved from the terms of stipulations and agreements made by him with the referee herein and from completing his purchase.

*Greenbaum, Wolff & Ernst* [*Samuel Greenbaum* of counsel; *Herbert A. Wolff* with him on the brief], for the appellant.

*William F. Delaney*, for the respondents.

McAVOY, J.:

The premises in question, No. 273 Tenth avenue, New York city, located on the southwest corner of West Twenty-sixth street and Tenth avenue, city of New York, were sold on May 3, 1923, at public auction in this partition action, to Paul Englander, for $32,000 by the referee herein; and such sale was duly confirmed,

and the said referee was duly directed to execute a conveyance of the property to the said purchaser; the closing of the title was adjourned six times, and finally on January 31, 1924, the last adjourned date, the title was rejected by the purchaser, who alleged as his ground therefor that he should not be required to accept the deed without proof as to the title in one Mary Ann Smith and alleged that for such reason the title was unmarketable.

The question as to the title of Mary Ann Smith arose from an apparent gap in the record of the deed from her and the immediately preceding deed on the record, no deed to Mary Ann Smith being found on record.

The following is an abstract of the two deeds:

| | |
|---|---|
| John P. Crosby, as Referee in foreclosure<br><br>to<br><br>Andrew Garrett, of Tarrytown | Referee's deed, dated Dec. 27, 1855, Ackd. Dec. 27, 1855. Recorded Dec. 28, 1855, in Liber 700 of Deeds, Page 238. |
| Mary Ann Smith, wife of David Smith, a stonecutter of N. Y. City,<br><br>to<br><br>John Reynolds.<br>Consideration $8,750. | Full Covenant and Warranty Deed, Dated April 23, 1859; Ackd. Apl. 23, 1859; Recorded April 25, 1859, in Liber 780 of Deeds, Page 441. |

The title had been examined by the Lawyers Title and Trust Company for the purchaser, and at the suggestion of the purchaser, who is an attorney at law, the plaintiffs, on June 27, 1923, arranged with the Title Guarantee and Trust Company to coinsure the title to the purchaser with the first named company, both companies agreeing to disregard the apparent break in the chain of title between Andrew Garrett and Mary Ann Smith, occurring in 1859. After many adjournments the purchaser rejected the title on the ground that at the time the alleged gap in the record made the title unmarketable.

The purchaser's application below was not to be absolutely relieved of his purchase, but he sought only to be relieved until the defect was cured or until there was a final judicial determination as to the marketability of the title.

Two questions are here presented: The agreements and stipulations as to the alleged gap in the record title, and the adverse possession under which the property has been held since such alleged gap. There is no doubt that the agreements waiving the alleged gap are binding on the purchaser, but we shall not decide the

First Department, May, 1924.          [Vol. 209

case upon them, since both parties expressed a willingness to have the merits of the title adjudicated. We think that, besides this evident waiver of the right to object to the title, it is beyond dispute that the title is marketable by reason of adverse possession of sixty-five years.

There is an unbroken record chain of title from April 25, 1859, the alleged gap occurring between that year and 1855. Nothing is on the record to indicate the relationship of Mary Ann Smith, the grantor in the 1859 deed, to the grantee, Andrew Garrett of Tarrytown, in the 1855 deed. In neither New York nor Westchester county is there any record of any probate or administration on the estate of Andrew Garrett, and it is not proven that Mary Ann Smith was the sole heir of Andrew Garrett. Nevertheless the chain of title shows the record since 1859 of five full covenant and warranty deeds in the respective years 1862, 1866, 1874, 1876 and 1883.

The deed to the plaintiff's testator, John Cosgrove, was recorded January 9, 1884, and possession by him and his devisees ever since has been under claim of title by said deed as well as by the deed recorded in 1855 and the others subsequent to same. Cosgrove's deed recited a consideration of $16,000 and conveyed premises subject to two mortgages for $8,000. John Cosgrove died February 20, 1898, and the 4th paragraph of his will, dated May 24, 1895, mentioned as his property the said premises 273 Tenth avenue and gave the use of same to his sister Ellen Daly for her life. Ellen Daly had possession of the property thereafter until her death May 28, 1921, since which time it has been in possession of the remainderman under the will of John Cosgrove.

By the affidavits of the plaintiff John F. Condon, Christian Schierloh and Patrick Cox, it is established that there are a four-story brick dwelling and a shanty on the premises, which have been standing thereon for more than forty-five years to the knowledge of the affiants; that Cosgrove and those claiming under him entered into the possession of the premises under claim of title, exclusive of any other right, founding the claim upon the deed of 1859 and the subsequent deeds in the chain of title and the deed of 1884, as being conveyance of the premises; and that the occupation and possession of said premises by said John Cosgrove and those claiming under him, ever since John Cosgrove's deed in 1884, have been continued, open, notorious, hostile and undisturbed for a period of forty years under the same claim. These affiants have known the premises very well since Cosgrove acquired them in 1884. Neither Schierloh nor Cox has any title to said premises.

There is no suggestion of any claim being made by any one outside of the Cosgrove devisees.

The facts shown in the affidavits submitted by plaintiffs establish adverse possession under a written instrument according to sections 37 and 38 of the Civil Practice Act. Title by adverse possession clearly established, although by parol evidence, is a marketable title; and since it appears in this application to compel the completion of a bid to purchase this real estate, that the plaintiffs have a record title, perfect except as to the alleged gap in the record, that they and their predecessors have had possession thereunder for a period of sixty-five years, and that during that entire period no person has made any claim of ownership to the premises other than those from whom the plaintiffs derived their title, a finding that the plaintiffs have a good and indefeasible title to the premises by adverse possession was properly made.

Where the facts are sufficiently clear, adverse possession may alone be sufficient to make a title which a purchaser at a judicial sale should be compelled to take. (*Wanser* v. *De Nyse*, 188 N. Y. 378, 384; *Metzger* v. *Martin*, 87 App. Div. 572.)

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.